## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 16-218 (RMC) |
| | ) | |
| ARTHUR CHAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

On May 10, 2017, the Court held a Sentencing Hearing in this criminal matter. Taking into consideration the submissions of the parties, the report prepared by the Probation Office, and the arguments made in open court, the Court has determined that a departure from the Sentencing Guidelines is necessary in the interests of justice.

The United States Sentencing Guidelines provide for consistent and predictable sentences for the same conduct regardless of a defendant's location or circumstances. The non-mandatory Sentencing Guidelines direct the court to impose a sentence that is sufficient, but not greater than necessary to comply with the purposes of the statute. 18 U.S.C. § 3553(a) (2012). Among the factors the Court is to consider is the need for the sentence to: (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (B) afford adequate deterrence to criminal conduct; (C) protect the public from further crimes of the defendant; and (D) provide the defendant with needed educational or vocational training. *Id*.

The statute also directs the court to consider a number of factors to determine the appropriate sentence: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the purposes of the statute; (3) the kinds of sentences

1

available; (4) the sentencing guidelines; (5) policy statements; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims.

Mr. Chan pled guilty to one count of trafficking in counterfeit goods in violation of 18 U.S.C. § 2320. *See* Information [Dkt. 2]; 1/18/2017 Minute Entry for Plea Hearing. The proposed Guideline imprisonment range is 10 to 16 months incarceration. *See* Gov't Mem. in Aid of Sent. (Gov't Mem.) [Dkt. 15] at 1. Because the applicable guideline range is in Zone C of the guidelines sentencing table, the term may be satisfied under the Guidelines by (1) a sentence of imprisonment or (2) a sentence of imprisonment that includes a term of home detention or community confinement, provided that at least one half the minimum term is satisfied by imprisonment. *See id.*; U.S. Sent. Guidelines § 5C1.1(d) (2016).

Accordingly, the United States proposed that Mr. Chan be sentenced to the Guidelines-minimum 10 months, with 5 months imprisonment followed by 5 months home confinement. *See* Gov't Mem. at 2. Mr. Chan argued that a non-custodial sentence was appropriate in this instance, either through probation or home confinement. *See* Def's Mem. in Aid of Sent. [Dkt. 16] at 2. In so arguing, Mr. Chan advanced two primary points: (1) as a profoundly deaf man, a custodial sentence would be unusually harsh and burdensome for Mr. Chan; and (2) courts have consistently given noncustodial sentences in situations where the counterfeit goods trafficked do not pose an inherent harm to the public. *See* Def's Mem. at 7, 14.

Taking these arguments into account, the Court must impose a sentence that is "sufficient but not greater than necessary" to achieve justice. 18 U.S.C. § 3553(a). Accordingly, as reflected on the record, the Court assessed the relevance of each of the 3553(a) factors in turn, in light of the facts of the case, the submitted briefs and recommendations, and the parties' arguments made in open court.

First, in regard to the seriousness of the offense, the Court concluded that the offense is sufficiently serious to warrant a period of incarceration. Mr. Chan pled guilty to trafficking a sum of over $37,000, and his uncharged related conduct suggests that far larger sums were involved throughout the scheme. Further, Mr. Chan received several notices that his behavior was in violation of federal criminal law, including notices from the Customs and Border Patrol, which contacted him several times by letter after seizing counterfeit goods at the border intended for Mr. Chan.

Turning to the need to promote respect for the law and provide just punishment, the Court looked especially to Mr. Chan's otherwise law-abiding behavior; Mr. Chan did not appear to have even received any traffic citations. Outside the matter at hand, Mr. Chan had not shown any propensity for criminal behavior, and by all accounts appears to be a law-abiding citizen. While the length of Mr. Chan's activity could support a finding that a guidelines sentence is appropriate, the Court otherwise did not believe that Mr. Chan's general behavior indicated a need for a long custodial sentence in order to promote respect for the law.

When assessing whether a particular punishment is appropriate, the Court must also consider the special circumstances faced by Mr. Chan. As a profoundly deaf man, Mr. Chan faced unusually high risks in prison. He would not be able to communicate effectively with corrections officers or other inmates. He would be at an unusually high risk of victimization. An extended term of incarceration would therefore be far more onerous on him than the nature of his crime requires.

Similarly, the Court does not believe a long custodial sentence is necessary to afford adequate deterrence. Deterrence has two components: (1) deterring the individual defendant from recidivism; and (2) deterring others from engaging in similar behavior. As for

deterring Mr. Chan, it was clear through testimony and submissions from both parties that Mr. Chan's experience with the justice system had been sufficiently traumatic such that no extended custodial sentence was necessary to dissuade him from reoffending. While the Court must also consider discouragement to similarly situated individuals who might copy Mr. Chan's behavior, that factor was insufficient to put Mr. Chan at risk through extended incarceration.

The Court also considered the need to provide the defendant with educational training, vocational training, medical care or other correction or treatment. As Mr. Chan is an educated man with no substance abuse issues, the Court found that none of these points bore on Mr. Chan's sentence.

Taking all factors together, the Court concluded that a custodial sentence of some kind is necessary, but a prolonged period of incarceration would not be beneficial and would bring grossly disproportionate risks to Mr. Chan. The Court therefore ordered that Mr. Chan be incarcerated for a period of one day, to be served in the District Court holding cell for no less than four hours.[1] Mr. Chan was also ordered to serve 18 months of supervised release following incarceration; nine months of which will be served in home confinement, with releases for work, medical appointments, and meetings with his lawyer. During the remaining nine months of supervised release, Mr. Chan will be required to perform at least 20 hours of community service a month. Additionally, for the entire period of supervised release, Mr. Chan will be prohibited from accessing the website eBay or any of its affiliates, and must make his personal computer available to his probation officer to ensure compliance with this provision. Additionally, Mr. Chan was ordered to pay a forfeiture amount of $37,246.34, which the Court understands has already been remitted in full by Mr. Chan to the Customs and Border Patrol.

---

[1] Four hours thus constituting the minimum necessary to constitute one full day.

Finally, Mr. Chan was ordered to pay a mandatory $100 special assessment.



Date: May 16, 2017                                  /s/
                                         ROSEMARY M. COLLYER
                                         United States District Judge